**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN K. DEFELICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-508 |
| | ) | |
| v. | ) | Judge Fischer |
| | ) | Magistrate Judge Caiazza |
| J.D. BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

For the reasons that follow, it is respectfully recommended that the Defendants' Motion for Summary Judgment (Doc. 16) be granted.

The Plaintiff Brian K. DeFelice ("DeFelice" or "the Plaintiff") alleges he was arrested on robbery charges on September 24, 2003, but was released days later when the arresting officers confirmed his alibi. *See generally* Compl. (Doc 5). He now brings suit under 42 U.S.C. § 1983, alleging false arrest, false imprisonment and defamation. *Id.*

The Defendants have filed a Motion for Summary Judgment (Doc. 16), attaching police reports that document the Plaintiff's arrest on September 29, 2003, after an Irwin Police Officer identified DeFelice as a robbery suspect based on security camera photographs shown on television. *See* Ex. 1 to Doc. 16. The Defendants later determined that DeFelice was a hospital patient when the robbery occurred, and the charges against him were withdrawn on October 2, 2003. *Id.*

The Plaintiff's response to the Defendants' Motion was due on January 22, 2007.  *See* Doc. 12.  When he failed to respond, the court ordered DeFelice to show cause why the Defendants' Motion should not be granted.  *See* Doc. 20.  The Plaintiff thereafter requested and was granted an extension until March 30, 2007 (*see* Doc. 23), but no response has been filed.

The Plaintiff's Section 1983 claims are subject to a two-year statute of limitations.  *See* 42 Pa. Cons. Stat. § 5524; <u>Wilson v. Garcia</u>, 471 U.S. 261, 272-76 (1985) (state law determines statute of limitations for claims under Section 1983). The Plaintiff's claims accrued when he was aware, or should have been aware, of his injury and its causal connection to the Defendants.  *See* <u>Keystone Ins. Co. v. Houghton</u>, 863 F.2d 1125, 1127 (3d Cir. 1988) (holding same).

The Defendants' undisputed evidence shows that the Plaintiff was arrested on September 29, 2003, and that the robbery charges were withdrawn on October 2, 2003.  All of DeFelice's claims regarding his arrest and confinement, as well as any statements made during the investigation, therefore arose on or before October 2, 2003.

DeFelice filed this action on April 17, 2006, well outside the two-year statute of limitations, and the Defendants' Motion for Summary Judgment should be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 30, 2007.  Responses to objections are due by May 10, 2007.


April 12, 2007

Francis X. Caiazza
U.S. Magistrate Judge

cc:

BRIAN K. DEFELICE
GJ-3558
SCI Camp Hill
P. O. Box 200
Camp Hill, PA  17001-0200

Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219